UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cr-80150-RLR

UNITED STATES OF AMERICA

v.

RANDOL HAZAEL LOPEZ,

Defendant.
_____/

PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and RANDOL HAZAEL LOPEZ (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to both counts in the Indictment, which charge the defendant with Count 1 - conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii) and 846; and Count 2 – attempt to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B)(ii) and 846.

2. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose a sentence

within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant understands and acknowledges that for each count the Court must impose a minimum term of imprisonment of 5 years and may impose a statutory maximum term of imprisonment of up to 40 years, followed by a term of supervised release of 4 years up to life. The sentences of imprisonment may be run consecutively for a total sentence of 80 years of imprisonment. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $5,000,000 for each count and may order forfeiture and restitution.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $200 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the Court. This Office, however, will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw

4

his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

8. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of a violation of 21 U.S.C. §§ 841 or 846, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, pursuant to 21 U.S.C. § 853.

9. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

10. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offenses of conviction.  The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture.  This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

11. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal

5

law, a broad range of crimes are removable offenses, including the offenses to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

12. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

Date: 4/1/25            By: _____
                            DANIEL E. FUNK
                            ASSISTANT UNITED STATES ATTORNEY

Date: April 1, 2025     By: _____
                            ROBERT STICKNEY
                            ATTORNEY FOR DEFENDANT

Date: April 1, 2025     By: _____
                            RANDOL HAZAEL LOPEZ
                            DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cr-80150-RLR

UNITED STATES OF AMERICA

v.

RANDOL HAZAEL LOPEZ,

        Defendant.
_____/

## ACKNOWLEDGMENT OF OFFENSE ELEMENTS AND STIPULATION AS TO FACTUAL BASIS FOR GUILTY PLEA

I, RANDOL HAZAEL LOPEZ, agree that the facts set forth below are true and accurate and that the United States could prove these facts against me at trial. I am pleading guilty to the two counts in the indictment charging me with: Count 1 - conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii) and 846; and Count 2 – attempt to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B)(ii) and 846.

## NATURE OF THE CHARGES

I am aware of and understand the nature of the charges to which I am pleading guilty. I have discussed with my attorney the charges and what the prosecutor must prove to convict me.

**Count 1 - Conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii) and 846**

I understand that the United States must prove the following elements of the offense beyond a reasonable doubt:

| | |
|---|---|
| First: | Two or more people in some way agreed to try to accomplish a shared and unlawful plan to distribute and possess with intent to distribute cocaine; |
| Second: | The defendant knew the unlawful purpose of the plan and willfully joined in it; and |

1

  Third:  The object of the unlawful plan was to distribute 500 grams or more of cocaine.

**Count 2 – Attempt to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B)(ii) and 846.**

The Defendant can be found guilty of attempt to possess with intent to distribute 500 grams or more of cocaine only if the following facts are proved beyond a reasonable doubt:

  First:  The defendant knowingly intended to commit the crime of possession with intent to distribute 500 grams or more of cocaine; and

  Second:  The defendant's intent was strongly corroborated by his taking a substantial step toward committing the crime.

A "substantial step" is an important action leading up to committing an offense – not just an inconsequential act. It must be more than simply preparing. It must be an act that would normally result in committing the offense.

I understand that the United States must prove the following elements of the offense beyond a reasonable doubt to prove the crime of possession with intent to distribute 500 grams or more of cocaine:

  First:  The defendant knowingly possessed 500 grams or more of cocaine; and

  Second:  The defendant intended to distribute the 500 grams or more of cocaine.

To "intend to distribute" is to plan to deliver possession of a controlled substance to someone else, even if nothing of value is exchanged.

## STIPULATED FACTS

On or about November 7, 2024, United States Postal Inspector Services (USPIS) Task Force Officer Henry Ramos identified a parcel addressed to A.S. at an address on 7th Street in West Palm Beach, Florida, in the Southern District of Florida. The parcel came from Puerto Rico. On November 8, 2024, the parcel was individually placed in an open-air setting among similar sized parcels lined up on the floor at a USPS facility located at 3200 Summit Boulevard, in West Palm Beach. All parcels

2

were examined by a narcotics-trained canine named "Wall-E," who alerted to the subject parcel for the presence of narcotics. Thereafter, the parcel was opened pursuant to a federal search warrant. Within the parcel, law enforcement recovered approximately 2,077 grams of a white powdery substance. Based upon the agents training and experience and field testing, the substance found inside the SUBJECT PARCEL was identified as cocaine which is a Schedule II controlled substance. Later testing conducted by the DEA Southeast Lab determined that the substance was 2018.8 grams ($\pm$ 0.2grams) of cocaine.

On November 12, 2024, federal and local agents conducted a controlled delivery of the parcel which was filled with sham narcotics weighing over two kilograms. At approximately 12:06 p.m., an undercover USPIS inspector approached and knocked on the front door of the residence located on 7th Street in West Palm Beach, Florida. Despite knocking, no one from inside the residence responded. Consequently, the undercover USPIS inspector left the parcel in front of the residence by the front door.

At approximately 1:56 p.m., Randol Hazael LOPEZ was observed arriving at the residence driving a gray Ford Escape. LOPEZ appeared to be familiar with the property and appeared comfortable walking around the house before entering the residence. At approximately 2:58 p.m., LOPEZ was observed exiting the residence along with a female. LOPEZ immediately picked up the unopened parcel before he and the female entered a Ford Escape. LOPEZ entered the front passenger side of the vehicle, and the female entered the driver's seat. At the time they entered the vehicle, USPIS TFO Henry Ramos began receiving alerts from a sensor in the parcel indicating that the parcel was being opened. The vehicle then exited the driveway and began traveling away from the residence.

At approximately 3:00 p.m., while the vehicle continued to drive away from the residence, USPIS TFO Ramos continued to receive alerts from a sensor in the parcel indicating the parcel was opened. At approximately 3:02 p.m., Florida Highway Patrol Troopers were notified of the alerts as the

3

vehicle began accelerating. Troopers attempted to conduct a traffic stop while the vehicle proceeded to drive erratically. At approximately 3:05 p.m., Florida Highway Patrol successfully stopped the vehicle.

As Troopers approached the passenger compartment of the vehicle, they observed LOPEZ sitting in the front passenger seat with two 'sham' kilograms of cocaine in his possession. The parcel was opened and sitting on the floorboard of the vehicle directly by LOPEZ's feet. The 'sham' kilograms of cocaine were the same ones put in the parcel by law enforcement. LOPEZ had opened the parcel and unwrapped the "sham" kilograms of cocaine to the extent that he would have seen the white powdery substance appearing to be cocaine.

After initially invoking his rights, LOPEZ reinitiated contact with agents. Agents then re-read LOPEZ his *Miranda* rights. LOPEZ initially denied knowing what was contained in the SUBJECT PARCEL, but he later admitted to knowing the SUBJECT PARCEL had contained cocaine. The defendant stated that he was directed by another person to pick up cocaine parcels.

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

Date: 4/1/25    By: _____
DANIEL E. FUNK
ASSISTANT UNITED STATES ATTORNEY

Date: April 1, 2025    By: _____
ROBERT STICKNEY
ATTORNEY FOR DEFENDANT

Date: April 1, 2025    By: _____
RANDOL HAZAEL LOPEZ
DEFENDANT